IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES HUBERT, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 18-354 |
| | ) | Chief Magistrate Judge Maureen P. Kelly |
| v. | ) | |
| | ) | |
| JOHN WETZEL, JAY LANE, CAPT. TIFT, | ) | Re: ECF No. 5 |
| SGT. RICHTER, and GRAFT, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

**KELLY, Chief Magistrate Judge**

Plaintiff James Hubert ("Plaintiff") is an inmate currently confined at the State

Correctional Institution at Coal Township, Pennsylvania ("SCI – Coal Township"). Plaintiff

brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 for the alleged violation of his

rights arising under the First, Eighth, and Fourteenth Amendment to the United States

Constitution, the Pennsylvania Constitution, the Pennsylvania Civil Service Act, and various

provisions of Pennsylvania Department of Corrections Code of Ethics, arising out of the

circumstances and conditions of his confinement at the State Correctional Institution at Fayette

("SCI – Fayette") during the period January 21, 2016 through November 20, 2016.

Presently before the Court is a partial "Motion to Dismiss for Failure to State a Claim"

filed on behalf of all Defendants, ECF No. 5. For the reasons that follow, the Motion to Dismiss

will be granted in part and denied in part. [1]

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties voluntarily consented to having a United
States Magistrate Judge conduct proceedings in this case, including the entry of a final judgment. ECF Nos. 8 and
10.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff commenced this action in the Court of Common Pleas of Fayette County, Pennsylvania.  Upon the filing of a "First Amended Civil Complaint" ("Amended Complaint"), and pursuant to 42 U.S.C. § 1441 *et seq.*, Defendants removed the action to this Court, asserting original jurisdiction in federal court over Plaintiff's federal claims.[2]  Plaintiff's Amended Complaint names as Defendants John Wetzel, Secretary – Pennsylvania Department of Corrections ("DOC"); Jay Lane, Superintendent at SCI – Fayette; Captain Tift; Sgt. Richter and Correctional Officer Graft.

Plaintiff's claims arise out of his status as a convicted sex-offender. Plaintiff alleges that Defendants Richter and Graft communicated his criminal background to inmates in Plaintiff's general population and restricted housing units, placing him at serious risk of violence and injury, and defaming him.  ECF No. 1-1 ¶¶ 17-19. Plaintiff broadly alleges that Defendants subsequently retaliated against him after he complained about Richter and Graft's conduct by way of grievances and verbal reports to various prison personnel. Id. ¶ 22, 27-31. In particular,

---

[2] Defendants filed their Notice of Removal on March 16, 2018, asserting timeliness based upon the filing of a Complaint on or about February 22, 2018, in the Court of Common Pleas of Greene County. ECF No. 1, and see, 28 U.S.C. § 1446(b).  The Court notes it has not been provided a copy of the docket entries or "a copy of all process, pleadings, and orders served upon … defendant[s]" as required by 28 U.S.C. § 1446(a) to determine the timeliness of removal. The "complaint" referred to in the Notice of Removal is an apparent First Amended Complaint bearing docket number CA No. 2677-2017-G.D., filed in Fayette County, Pennsylvania, Plaintiff's. The First Amended Civil Complaint contains a Certificate of Service evidencing a mailing date of January 22, 2017; however, Plaintiff's verification, also appended to the Complaint, is dated February 10, 2018.  ECF No. 1-1 at 18-19. Based upon the docket number, it appears that this action was removed well after the thirty days provided for by statute. See 28 U.S.C. § 1446(b)(1) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.").  However, because a motion to remand was not filed within 30 days of removal, this Court lacks jurisdiction to remand the action to state court. 28 U.S.C. § 1447(c); and see, In re: FMC Corporation Packaging Systems Division v. Medronic Inc., 208 F.3d 445, 450 (3d Cir. 2000).  Accordingly, the Court will retain jurisdiction over this matter despite the evident procedural defects.

"Defendants" issued "defamatory" misconducts that resulted in Plaintiff's repeated confinement in the Restricted Housing Unit ("RHU"). Id. ¶ 39. Although not alleged in his Amended Complaint, Plaintiff, in his brief in opposition to the pending motion, speculates that Defendant Tift is the source of Richter and Graft's information regarding his status as a sex offender, and alleges that Tift failed to act to protect Plaintiff after being made aware of Richter and Graft's publication of Plaintiff's status. ECF No. 9 at 5. Plaintiff also names as Defendants Secretary Wetzel ("Wetzel") and Superintendent Lane ("Lane") in their supervisory capacities. Both are alleged to have created or maintained a dangerous prison facility, with insufficient staff and inadequate separation of dangerous inmates.

Plaintiff also complains that his grievances and complaints to personnel were not timely investigated and he did not receive written responses or a remedy. Plaintiff contends that this treatment was intended to frustrate any required exhaustion of administrative remedies, and to deny him his Fourteenth Amendment due process rights by delaying a remedy or redress. In addition, Plaintiff alleges that Defendants violated a Fourteenth Amendment liberty interest in his good name and reputation by sharing his criminal background with other inmates. ECF No. 1-1 ¶¶ 33-42.

Based upon the alleged actions of the various Defendants, Plaintiff brings the following claims:

- Count I against all Defendants for the violation of his Eighth and Fourteenth Amendment rights, the Pennsylvania Constitution, the Pennsylvania Civil Service Act, and DOC Ethics Code regulations for "deliberate indifference to Plaintiff's health and safety";

- Count II against Defendants Lane, Tift, Richter and Graft for the violation of Plaintiff's Eighth Amendment rights by failing to protect Plaintiff from "a known and credible substantial risk of serious physical injury";

- Count III against all Defendants alleging a state law claim for intentional infliction of emotional distress;

- Count IV against Defendants Lane, Tift, Richter and Graft alleging state law claims of negligence and recklessness outside the course and scope of duties as state employees;

- Count V against Wetzel and Lane for supervisory liability pursuant to 42 U.S.C. § 1983, for acquiescing to Plaintiff's mistreatment and for establishing a maintaining a policy or procedure whereby such treatment was enabled.

ECF No. 1-1 at 13-16. Plaintiff seeks compensatory and punitive damages, as well as declaratory relief in the form of a declaration that his rights were violated by each of the Defendants. Id. at 17.

Defendants acknowledge that Plaintiff has alleged sufficient facts to state an Eighth Amendment conditions of confinement/failure to protect claim (Counts I and II). ECF No. 6 at 5. That said, Defendants seek dismissal of Plaintiff's remaining claims on the following grounds:

(1) the Eleventh Amendment bars all claims against any Defendant in his official capacity;

(2) the Prison Litigation Reform Act, 42 U.S.C. § 1997e(e), bars Plaintiff's recovery of compensatory damages for the alleged violation of Plaintiff's federal rights in light of the absence of any allegation of physical injury;

(3) Plaintiff fails to state facts sufficient to establish the personal involvement and supervisory liability of Defendants Wetzel, Lane or Tift;

(4) Plaintiff fails to plead facts sufficient to sustain a First Amendment retaliation claim against any Defendant;

(5) Plaintiff cannot maintain a substantive Fourteenth Amendment claim by operation of the "explicit source rule" and has failed to state a cognizable procedural due process claim; and,

(6) Plaintiff fails to state any claim arising under the Pennsylvania Constitution, the Pennsylvania Civil Service Act, and the DOC Code of Ethics.

ECF No. 6. Plaintiff has filed a brief in opposition to the Motion to Dismiss titled "Objections to the Defendants' Motion for Judgement on the Pleadings." ECF No. 9. Upon review of the Motion to Dismiss and Plaintiff's objections thereto, and for the reasons forth below, the Motion to Dismiss is granted in part and denied in part.

## II.    STANDARD OF REVIEW

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) (rejecting the traditional 12(b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal, 556 U.S. 662 (2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

A court need not accept inferences drawn by a plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employees' Ret. Sys. v. Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) (citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the Court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555 (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). See also McTernan v. City of York, Penn., 577 F.3d 521, 531 (3d Cir. 2009) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). A plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 556 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004)). Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, Civ. No. 07-528, 2008 WL 482469, at *1 (D. Del. Feb. 19, 2008) (quoting Phillips v. Cty. of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008)). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Phillips, 515 F.3d at 234 (quoting Twombly, 550 U.S. at 556 n. 3).

The United States Court of Appeals for the Third Circuit expounded on the Twombly/Iqbal line of cases:

> To determine the sufficiency of a complaint under Twombly and Iqbal, we must take the following three steps:

> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

Burch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011) (quoting Santiago v. Warminster Tp., 629 F.3d 121, 130 (3d Cir. 2010)).

"The purpose of a motion to dismiss is to test the sufficiency of a complaint, not to resolve disputed facts or decide the merits of the case." Tracinda Corp. v. DaimlerChrysler AG, 197 F. Supp. 2d 42, 53 (D. Del. 2002) (citing Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993)). Indeed, the United States Supreme Court has held that a complaint is properly dismissed under Rule 12(b) where it does not allege "enough facts to state a claim to relief that is plausible on its face," Twombly, 550 U.S. at 570, or where the factual content does not allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. The question is not whether the plaintiff will prevail in the end but, rather, whether the plaintiff is entitled to offer evidence in support of his or her claims. Swope v. City of Pittsburgh, 90 F. Supp. 3d 400, 405 (W.D. Pa. 2015) (citing Oatway v. American Intern. Group, Inc., 325 F.3d 184, 187 (3d Cir. 2003)).

The Court notes that Plaintiff has filed this action *pro se*. *Pro se* pleadings and filings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" Haines v. Kerner, 404 U.S. 519, 520 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction,

or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969) (A "petition prepared by a prisoner ... may be inartfully drawn and should … be read 'with a measure of tolerance'"); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997) (*overruled on other grounds*); see, also Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) (discussing Fed. R. Civ. P. 12(b)(6) standard); Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990) (same).

However, there are limits to the court's procedural flexibility— "pro se litigants still must allege sufficient facts in their complaints to support a claim ... they cannot flout procedural rules — they must abide by the same rules that apply to all other litigants." Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013) (citations omitted). Accordingly, because Plaintiff is a pro se litigant, this Court will consider the facts and make inferences where it is appropriate.

## III. DISCUSSION

### A. Official Capacity Claims

The caption of Plaintiff's Amended Complaint indicates that he intends to sue all Defendants individually and in their official capacities. ECF No. 1-1 at 2. Defendants seek dismissal of Plaintiff's official capacity claims, correctly asserting that the Eleventh Amendment bars an action against them in the absence of a claim for injunctive relief. See e.g., Seminole Tribe of Florida v. Florida, 517 U.S. 44, 54 (1996).

In opposition to the Motion to Dismiss, Plaintiff misconstrues Defendants' argument as one seeking immunity as to all official and individual capacity claims, and asserts an incomplete

interpretation of the United States Supreme Court decision in Hafer v. Melo, 502 U.S. 21, 26

(1991), with regard to both types of claims. Plaintiff also contends that because he seeks

injunctive and declaratory relief, his official capacity claims may proceed. ECF No. 9 at 6.

Plaintiff's objections are readily resolved in favor of Defendants.

> State governments and their subsidiary units are immune from suit in federal court
> under the Eleventh Amendment, which provides: "The Judicial power of the
> United States shall not be construed to extend to any suit in law or equity,
> commenced or prosecuted against one of the United States by Citizens of another
> State, or by Citizens or Subjects of any Foreign State."4 U.S. Const. amend. XI.
> "The Supreme Court extended the Eleventh Amendment's reach to suits by in-
> state plaintiffs, thus barring all suits against non-consenting States in federal
> court." Lombardo v. Pennsylvania Dep't of Public Welfare, 540 F.3d 190, 194 (3d
> Cir. 2008) (citing Hans v. Louisiana, 134 U.S. 1, 10 S. Ct. 504, 33 L. Ed. 842
> (1890)). Individual state employees sued in their official capacity are also entitled
> to Eleventh Amendment immunity because "official-capacity suits generally
> represent only another way of pleading an action" against the state. Hafer v. Melo,
> 502 U.S. 21, 25, 112 S.Ct. 358, 116 L. Ed. 2d 301 (1991) (internal quotation
> marks omitted).

Betts v. New Castle Youth Dev. Ctr., 621 F.3d 249, 253–54 (3d Cir. 2010). Because the

Commonwealth of Pennsylvania has not waived its rights under the Eleventh Amendment, 42

Pa. C.S.A. § 8521(b), Plaintiff's official capacity claims seeking monetary damages against all

Defendants are dismissed with prejudice.

Plaintiff opposes the Motion to Dismiss with regard to prospective injunctive or

declaratory relief as to Defendants in their official capacities, ECF No. 9 at 6. The Court has

undertaken a detailed search of Plaintiff's Amended Complaint and finds only a claim for

declaratory relief, see, ECF No. 1-1 ¶ 3 ("Plaintiff is seeking compensatory and punitive

damages"); and see ECF No. 1-1 at 17 ("Plaintiff request[s] that this Court …. [a]ward

declaratory relief that Plaintiff's Constitutional rights were violated by defendants."). A claim for

declaratory judgment must assert a claim for relief that would affect ongoing or future violations and the behavior of the particular parties listed in the complaint. See Rhodes v. Stewart, 488 U.S. 1, 4 (1988), Mitchell v. Horn, 318 F.3d 523, 533 (3d Cir. 2003). As reflected in the docket, Plaintiff has been transferred from SCI – Fayette to SCI – Coal Township and is no longer exposed to the conduct of the Defendants identified in this action. ECF No. 1-1 ¶ 4. Plaintiff's transfer to a new facility and out of the presence of the named Defendants therefore renders his request for declaratory relief moot. See Mollett v. Leicth, 511 F. App'x 172, 174 (3d Cir. 2013)("in the context of an action for declaratory relief, a plaintiff must be seeking more than a retrospective opinion that he was wrongly harmed by the defendant.")(internal citations omitted). Because Plaintiff's demand for declaratory relief concerns only retrospective conduct, he has failed to state an official capacity claim against any Defendant and the Motion to Dismiss as to such claims is granted.

**B.** **The PLRA Bars Plaintiff's Recovery of Compensatory Damages**.

Plaintiff alleges that as a result of the Defendants' misconduct, he was subjected to an elevated risk of violence and at least one indirect threat of assault, resulting in injury to his mental health. ECF No. 1-1 ¶¶ 24, 36. In particular, Plaintiff complains that the Defendants' actions manifested as an exacerbation of his mental illness "which causes pain attacks and high anxiety which physically hurts, which has caused an injury of intention[al] infliction of emotional distress." Id. ¶ 49. Under the circumstances alleged, Defendants contend that Plaintiff is precluded from recovery of compensatory damages for mental or emotional injuries by the terms of the PLRA.

The PLRA expressly provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." 42 U.S.C. § 1997e(e); see also Mitchell v. Horn, 318 F.3d at 533. Accordingly, where a plaintiff claims damages for emotional or mental injury absent an antecedent physical injury, the PLRA bars recovery of compensatory damages on federal claims. See Michel v. Levinson, 437 F. App'x. 160, 163–64 (3d Cir. 2011), citing Herman v. Holiday, 238 F.3d 660, 666 (5th Cir. 2001) (PLRA bars damages claims based on emotional distress stemming from fear of asbestos exposure); Davis v. Dist. of Columbia, 158 F.3d 1342, 1349 (D.C. Cir. 1998) (PLRA bars claims for emotional injury despite physical manifestations of weight loss, appetite loss, and insomnia). In this instance, Plaintiff claims emotional injuries with subsequent physical sequela, which is insufficient for purposes of the PLRA. Defendants' Motion to Dismiss Plaintiff's claim for compensatory damages seeking recovery for mental or emotional injury therefore is granted as to Plaintiff's federal claims.

However, as indicated by Defendants, Plaintiff is not precluded from recovery of nominal and punitive damages. ECF No. 6 at 7. "Prison officials who [are found to] recklessly expose a prisoner to a substantial risk of a serious physical injury violate his Eighth Amendment rights, and therefore are subject to those remedies that are not barred by section 1997e(e) – injunctive relief of course (unless as in this case an injunctive claim is moot) but also nominal and even (most courts have ruled) punitive damages." Smith v. Peters, 631 F.3d 418, 421 (7th Cir. 2011), citing *inter alia* Mitchell v. Horn, 318 F.3d at 533. The PLRA's physical injury requirement

therefore does not affect Plaintiff's ability to seek nominal or punitive damages for the alleged violation of his constitutional rights.

### C. Claims against Wetzel, Lane and Tift

In the Amended Complaint, Plaintiff alleges claims pursuant to 42 U.S.C. § 1983 for "supervisory liability" as to Defendants Wetzel, Lane and Tift. ECF No. 1-1 ¶¶ 11, 12, 54. A successful Section 1983 claimant must show: (1) the conduct complained of was performed by a person acting under color of state law; and (2) this conduct deprived the claimant of rights, privileges, or immunities secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; Kost v. Kozakiewicz, 1 F.3d 176, 184 (3d Cir. 1993). This, in turn, requires that each defendant in a civil rights action have personal involvement in the alleged wrongdoing; "liability cannot be predicated solely on the operation of respondeat superior." Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005).

Where supervisory liability is sought to be imposed, "there are two theories of supervisory liability, one under which supervisors can be liable if they established and maintained a policy, practice or custom which directly caused the constitutional harm, and another under which they can be liable if they participated in violating plaintiff's rights, directed others to violate them, or, as the persons in charge, had knowledge of and acquiesced in their subordinates' violations." Parkell v. Danberg, 833 F.3d 313, 330 (3d Cir. 2016) quoting Santiago v. Warminster Twp., 629 F.3d 121, 129 n.5 (3d Cir. 2010) (quotation and alteration marks omitted).

As to the first basis, to establish that supervisors are liable under Section 1983 for deliberate indifference to an unconstitutional policy or practice, "[t]he plaintiff must (1) identify

the specific supervisory practice or procedure that the supervisor failed to employ, and show that (2) the existing custom and practice without the identified, absent custom or procedure created an unreasonable risk of the ultimate injury, (3) the supervisor was aware that this unreasonable risk existed, (4) the supervisor was indifferent to the risk; and (5) the underling's violation resulted from the supervisor's failure to employ that supervisory practice or procedure." Brown v. Muhlenberg Twp., 269 F.3d 205, 216 (3d Cir. 2001) (citing Sample v. Diecks, 885 F.2d 1099, 1118 (3d Cir. 1989)). "It is not enough for a plaintiff to argue that the constitutionally cognizable injury would not have occurred if the superior had done more than he or she did." Brown, 269 F.3d at 216 (citing Sample, 885 F.2d at 1118). A plaintiff must specifically identify the acts or omissions of the supervisors that show deliberate indifference, and suggest a relationship between the "identified deficiency" of a policy or custom and the injury suffered. Id. In this instance, Defendants point to the absence of any allegations establishing a relationship between Wetzel, Lane, and Tift, and the harm allegedly suffered by Plaintiff, and therefore seek dismissal of Plaintiff's claims against each of these defendants.

In the Amended Complaint, Plaintiff alleges that Wetzel has been added to his lawsuit because as DOC Secretary, he is "legally responsibl[e] for the overall operations of the Department and each facility under his jurisdiction including SCI Fayette." ECF No. 1-1 at 1. Plaintiff alleges that Wetzel, Lane and Tift are responsible for the generally unsafe conditions at SCI – Fayette and have failed to provide adequate staff or to properly train guards to lessen the risk of inmate assaults. Id. at 4. Plaintiff fails to connect these broad allegations to the complained of harm, which is predicated upon Richter and Graft's publication of Plaintiff's criminal charges and sex offender status. Similarly, Plaintiff does not identify the failure of an

existing policy or procedure or training program that would have placed a supervisory defendant on notice of the need to change current training practices with regard to the publication of sexual offender status.

As to the second basis of supervisory liability, there are no factual allegations to support an inference that Wetzel, Lane, or Tift participated in the publication of Plaintiff's status, directed its publication, acquiesced to the challenged conduct, or engaged in any alleged retaliatory act. Rather, Plaintiff broadly alleges that "Defendants" acquiesced to Defendants Richer and Graft's conduct through housing placements and failing to timely respond to grievances, without providing any facts connecting any individual to any particular conclusory allegation. Under these circumstances, Plaintiff has not stated a cognizable Section 1983 claim against either Wetzel, Lane, or Tift, and the Motion to Dismiss all claims against Wetzel, Lane, and Tift is granted without prejudice to file a final second amended complaint to correct the identified pleading deficiencies.

### D. First Amendment Retaliation Claim

Plaintiff also alleges a First Amendment retaliation claim. ECF 1-1 ¶¶ 22, 25, 27-31. In particular, Plaintiff alleges that after filing grievances and submitting complaints regarding Richter and Graft's conduct, Plaintiff was issued "defamatory" misconducts, and placed in administrative custody or in the RHU. These retaliatory placements caused Plaintiff to lose earnings from a "general labor pool." Id.

In order to state a prima facie case of First Amendment retaliation, a prisoner must plausibly allege that: (1) he engaged in constitutionally protected conduct; (2) he suffered an adverse action sufficient to deter a person of ordinary firmness from exercising his constitutional

14

rights; and (3) the constitutionally protected conduct was "a substantial or motivating factor" for the adverse action. See Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001). Defendants concede that Plaintiff sufficiently alleges that he has engaged in constitutionally protected conduct through the submission of grievances and complaints, but contend that Plaintiff fails to identify an appropriate adverse action or allege facts establishing that the harm suffered has deterred him from exercising his rights.

Defendants direct the Court's attention to Simpson v. Black, No. 16-160, 2016 WL 8677235 *3 (W.D. Pa. Mar. 25, 2016), *report and recommendation adopted*, 2016 WL 1546850 (W.D. Pa. April 15, 2016), where the Court summarized certain of the minimal factual allegations necessary to survive a motion to dismiss.

> The second element requires a prisoner to show that he suffered some "adverse action" at the hands of the prison officials. A plaintiff can satisfy the second element by demonstrating that the adverse action "'was sufficient to deter a person of ordinary firmness from exercising his First Amendment rights.'" See Allah v. Seiverling, 229 F.3d 220, 225 (3d Cir. 2000) (citing Suppan v. Dadonna, 203 F.3d 228, 235 (3d Cir. 2000)) (internal quotation marks omitted). Adverse actions that are sufficient to support a retaliation claim include filing false misconduct reports, Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003), denying parole, transferring the inmate to a distant prison, and penalizing him financially, Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001), and placing a prisoner in administrative custody, Allah, 229 F.3d at 225.

As indicated *supra*, Plaintiff alleges that Defendants Richter and Graft repeatedly harassed him after learning of his complaints and grievances, and issued "defamatory misconducts." In turn, the misconducts allegedly resulted in Plaintiff's placement in the RHU, with the concomitant loss of income from prisoner employment. At this early stage of the litigation, Plaintiff's Amended Complaint minimally sets forth facts sufficient to state a plausible First Amendment retaliation claim against Defendants Richter and Graft, and the Motion to Dismiss Plaintiff's

retaliation claim against these Defendants is denied. However, the Court agrees that Plaintiff has failed to allege any facts implicating the involvement of Defendants Wetzel, Lane, and Tift in the issuance of misconducts, placement in the RHU, or the termination of eligibility for a prison job. Accordingly, in the absence of any facts connecting these three Defendants to the alleged harm suffered, Plaintiff's First Amendment retaliation claim is dismissed as to Defendants Wetzel, Lane, and Tift.

### E.    Fourteenth Amendment Claims.

Plaintiff alleges Fourteenth Amendment substantive due process claims for damage to his reputation and exposure to threats of violence, and a Fourteenth Amendment procedural due process claim arising out of the inadequate or delayed responses received to his various grievances and complaints. ECF No. 1-1 ¶32. Defendants seek dismissal of Plaintiff's substantive due process claims as barred by the "explicit source rule," and seek dismissal of his procedural due process claim for failure to state a legally cognizable claim.

Under the explicit source rule, "'if a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process.'" Betts v. New Castle Youth Dev. Ctr., 621 F.3d 249, 259–60 (3d Cir. 2010) (quoting United States v. Lanier, 520 U.S. 259, 272 n. 7 (1997)).

In Betts, the United States Court of Appeals for the Third Circuit applied the more-specific-provision rule (a.k.a. the explicit textual source rule) in a case where the plaintiff, a juvenile adjudicated delinquent and committed to the custody of Pennsylvania's Department of Welfare's Bureau of Juvenile Justice Services, brought both substantive due process and Eighth

Amendment claims challenging the same conduct concerning conditions of his confinement and an alleged failure by Defendants to ensure his safety. The Court held that "[b]ecause these allegations fit squarely within the Eighth Amendment's prohibition on cruel and unusual punishment, we hold that the more-specific-provision rule forecloses Betts' substantive due process claims." Id. at 261.  See also Albright v. Oliver, 510 U.S. 266, 273 (1994) (holding that "where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims") (internal quotation marks and citation omitted); County of Sacramento v. Lewis, 523 U.S. 833, 843 (1998) ("if a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process").

Plaintiff alleges that Defendants Richter and Graft publicized his criminal background for no legitimate penological purpose, and thereby not only created a substantial risk of serious harm, but also harmed his otherwise good reputation.  To the extent such conduct gives rise to a substantive due process claim to be free from government conduct that shocks the conscience, Plaintiff's claim falls within the interests protected by the Eighth Amendment. See, e.g., Horan v. Wetzel, No. 1:CV-13-0140, 2014 WL 631520, at *14 (M.D. Pa. Feb. 18, 2014), citing Joseph v. Asure, 2012 WL 406210 (M.D. Pa. Jan.12, 2012) report and recommendation adopted, 2012 WL 406204 (M.D. Pa. Feb.8, 2012) (labeling a prisoner a child molester in front of other inmates can lead to a substantial risk of serious harm to the prisoner); Renchenski v. Williams, 622 F.3d 315, 326 (3d. Cir. 2010) (stating that "[i]t is largely without question ... that the sex offender

label severely stigmatizes an individual, and that a prisoner labeled as a sex offender faces unique challenges in the prison environment"); Brown v. Narvais, 265 F. App'x. 734, 735 (10th Cir. 2008) (holding that allegations that prison official disclosed that prisoner was a child molester to another inmate who then spread that information in prison stated an Eighth Amendment claim upon which relief can be granted). Accordingly, the explicit source rule bars Plaintiff's substantive due process claim arising out of the increased threat of harm resulting from publication of his status as a sex offender.

Plaintiff also alleges a due process claim for the violation of a protected liberty interest in his reputation, and cites Wisconsin v. Constantineau, 400 U.S. 433 (1971), in support thereof. The United States Supreme Court held in Wisconsin that an individual has a protectable interest in reputation. "Where a person's good name, reputation, honor, or integrity is at stake because of what the government is doing to him, notice and an opportunity to be heard are essential." Id. at 437. The Third Circuit has clarified, however, that "reputation *alone* is not an interest protected by the Due Process Clause." Hill v. Borough of Kutztown, 455 F.3d 225, 236 (3d Cir. 2006). "Rather, to make out a due process claim for deprivation of a liberty interest in reputation, a plaintiff must show a stigma to his reputation plus deprivation of some additional right or interest." Id. A public employee is deprived of a protected liberty interest 'when an employer creates and disseminates a false and defamatory impression about the employee in connection with his termination.'" Id. (internal citation omitted). In this context, "[t]he creation and dissemination of a false and defamatory impression is the 'stigma' and the termination is the plus.' …. To satisfy the 'stigma' prong of the test, it must be alleged that the purportedly

stigmatizing statements(s) (1) were made publicly, and (2) were false." Id. (internal citations omitted).

Plaintiff's allegations regarding the creation of a substantial risk of injury resulting from the publications of his criminal background may suffice to satisfy the required "plus". However, the docket of his criminal conviction unequivocally establishes that the purportedly stigmatizing statements are true and, accordingly, Plaintiff cannot state a legally cognizable claim for the deprivation of a liberty interest in his reputation.[3] See, Lassiter v. Pennsylvania, No. CV 17-4254, 2018 WL 3487580, at *1 (E.D. Pa. June 29, 2018*), report and recommendation adopted,* No. CV 17-4254, 2018 WL 3489243 (E.D. Pa. July 19, 2018)("On April 12, 2012, [Plaintiff] was charged with rape by forcible compulsion, indecent assault of a person less than 13 years of age, unlawful conduct with a minor, and related offenses.[4] Commonwealth v. Hubert, No. CP-51-CR-0014205-2012 (Pa. Ct. Com. Pl. Phila. Cnty.) .... On February 12, 2013, [Plaintiff] entered a negotiated guilty plea to charges of forcible rape and endangering the welfare of children in the Court of Common Pleas of Philadelphia County; the remaining charges were *nolle prossed*. On June 4, 2013, [Plaintiff] was sentenced to a term of eight years to 16 years' imprisonment for his convictions with four years of probation."). In light of Plaintiff's undisputed criminal conviction for forcible rape, as a matter of law Plaintiff cannot allege facts

---

[3] "In deciding a motion to dismiss, a court may consider documents outside of the complaint, such as matters of public record, court orders, and documents that form the basis of the claim." Walthour v. Miller, 2010 WL 2572656, at *5 (E.D. Pa. June 22, 2010) (allowing consideration of a state court docket in adjudicating a motion to dismiss) (citing Lum v. Bank of Am., 361 F.3d 217, 222 n.3 (3d Cir. 2004)); see also McTernan v. City of York, Penn., 577 F.3d 521, 526 (3d Cir. 2009) ("In addition to the complaint itself, the court can review documents attached to the complaint and matters of public record."). Because the docket and documents filed in Plaintiff's state court criminal action are public record documents and are relevant to the adjudication of the pending motion to dismiss, this Court can, and did, consider them.

[4] While Plaintiff appealed his conviction under the name James Lassiter, he was charged and sentenced under the name James Hubert. Id. at n.1.

19

sufficient to state a Fourteenth Amendment claim for the deprivation of a liberty interest in his reputation related to his status as a sex offender, and this claim is dismissed with prejudice.

Plaintiff also alleges that his Fourteenth Amendment procedural due process rights have been violated due to the inadequacy of responses to his grievances. ECF No. 1-1 ¶¶ 33-35. Such allegations fail to state a claim upon which relief may be granted. Williams v. Armstrong, 566 F. App'x 106, 109 (3d Cir. 2014). "Access to prison grievance procedures is not a constitutionally-mandated right. See Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (collecting cases and stating that '[t]he courts of appeals that have confronted the issue are in agreement that the existence of a prison grievance procedure confers no liberty interest on a prisoner.'); Hoover v. Watson, 886 F. Supp. 410, 418 (D. Del. 1995) aff'd, 74 F.3d 1226 (3d Cir.1 995) (holding that if a state elects to provide a grievance mechanism, violations of its procedures do not give rise to a § 1983 claim). Therefore any allegations of improprieties in the handling of his grievance do not state a cognizable claim under § 1983." Williams, 566 F.3d at 109. Plaintiff's Fourteenth Amendment claims are dismissed with prejudice. Further, because amendment as to these claims would be futile, Plaintiff's Fourteenth Amendment claims are dismissed with prejudice.

### F.    State Law Claims

Defendants seek dismissal of all claims arising under Pennsylvania state law. Plaintiff does not indicate his opposition to dismissal of his state law claims; however, in the interest of justice, the Court has reviewed pertinent Pennsylvania law and agrees that Plaintiff fails to state a claim upon which relief may be granted under the Pennsylvania Constitution or the DOC Code of Ethics. See, Pocono Mountain Charter School v. Pocono Mountain School District, 442 F. App'x. 681, 687 (3d Cir. 2011)(there is no authorization for an award of money damages for

violations of the Pennsylvania Constitution); Hollihan v. Pennsylvania Department of Corrections, 159 F. Supp. 3d 502, 509 (M.D. Pa. 2016)(dismissing claim under the Pennsylvania Constitution because prisoner lacked standing to seek injunctive relief once no longer subject to challenged conditions); Tillman v. Pennsylvania Bd. of Prob. & Parole, No. 575 M.D. 2011, 2013 WL 3946301, at *4 (Pa. Commw. Ct. Feb. 22, 2013)(inmate fails to state a claim for the alleged violation of Code of Ethics because administrative policies do not create any enforceable rights in inmates). Similarly, to the extent Plaintiff alleges a right of recovery pursuant to the Pennsylvania Civil Service Act, 71 P.S. §§ 741.1 *et seq.*, he has not established an enforceable private right of action for individuals who are not Commonwealth of Pennsylvania employees, and this claim is dismissed with prejudice.

Defendant has not moved for dismissal of Plaintiff's state law claims for negligence, recklessness, or intentional infliction of emotional distress set forth at Counts III and IV of the Amended Complaint, with the exception of Defendants' contentions regarding the absence of factual allegations connecting Defendants Wetzel, Lane or Tift to any misconduct.  This Court agrees that Plaintiff has failed to allege facts connecting Defendants Wetzel, Lane, or Tift to these claims. Accordingly, with the exception of Plaintiff's state law claims for negligence, recklessness, and intentional infliction of emotional distress as to Defendants Richter and Graft, Defendants' Motion to Dismiss is granted as to all state law claims.

**IV.  CONCLUSION**

For the reasons set forth above, the partial Motion to Dismiss, ECF No. 5, is granted in part and denied in part as follows:

1. Defendants' Motion to Dismiss all official capacity claims against all Defendants is granted with prejudice;

2. Defendants' Motion to Dismiss claims for compensatory damages is granted, with the exception of Plaintiff's state law claims for recklessness, negligence, or intentional infliction of emotional distress as to Defendants Richter and Graft;

3. Defendants' Motion to Dismiss supervisory and personal liability claims against Defendants Wetzel, Lane, and Tift is granted;

4. Defendants' Motion to Dismiss Plaintiff's First Amendment retaliations claims as to Defendants Richter and Graft is denied; however, the Motion to Dismiss First Amendment claims as to Defendants Wetzel, Lane, and Tift is granted;

5. Defendants' Motion to Dismiss Plaintiff's Fourteenth Amendment substantive and procedural due process claims is granted with prejudice; and

6. Defendants' Motion to Dismiss Plaintiff's state law claims is granted with prejudice as to Plaintiff's claims under the Pennsylvania Constitution, the Pennsylvania Civil Service Act, and the DOC Code of Ethics. However, the Motion to Dismiss state law claims is denied with respect to Plaintiff's claims for negligence, recklessness, and intentional infliction of emotional distress as to Defendants Richter and Graft.

The following claims and parties remain:

1. Plaintiff's Eighth Amendment conditions of confinement/failure to protect claims against Defendants Richter and Graft;

2. Plaintiff's First Amendment retaliation claims against Defendants Richter and Graft;

3. Plaintiff's claims for nominal and punitive damages as to his remaining federal claims;

4. Plaintiff's state law claims for recklessness, negligence and intentional infliction of emotional distress as to Defendants Richter and Graft.

The court must allow amendment by the plaintiff in civil rights cases brought under Section 1983, irrespective of whether it is requested, unless doing so would be "inequitable or futile." Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007); see also Day v. Florida, 563 F. App'x 878, 880 (3d Cir. 2014); Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004) (asserting that where a complaint is vulnerable to dismissal pursuant to 12(b)(6), the district court must offer the opportunity to amend unless it would be inequitable or futile). Accordingly, Plaintiff is granted one last opportunity to file a Second Amended Complaint, incorporating all parties and claims that have not been dismissed with prejudice. Accordingly, the following Order is entered:

**ORDER**

AND NOW, this 4th day of October, 2018, upon consideration of Defendants' partial Motion to Dismiss, ECF No. 5, and the briefs filed in support and in opposition thereto, ECF Nos. 6 and 9, IT IS HEREBY ORDERED that the Motion to Dismiss is granted in part and denied in part, as follows:

1. Defendants' Motion to Dismiss all official capacity claims against all Defendants is granted with prejudice;

2. Defendants' Motion to Dismiss claims for compensatory damages is granted;

3. Defendants' Motion to Dismiss supervisory and personal liability claims against Defendants Wetzel, Lane, and Tift is granted;

4. Defendants' Motion to Dismiss Plaintiff's First Amendment retaliation claims as to Defendants Richter and Graft is denied; however, the Motion to Dismiss First Amendment claims as to Defendants Wetzel, Lane, and Tift is granted;

5. Defendants' Motion to Dismiss Plaintiff's Fourteenth Amendment substantive and procedural due process claims is granted with prejudice; and

6. Defendants' Motion to Dismiss Plaintiff's state law claims is granted with prejudice as to Plaintiff's claims under the Pennsylvania Constitution, the Pennsylvania Civil Service Act, and the Pennsylvania DOC Code of Ethics, but is denied as to Plaintiff's state law claims for negligence, recklessness, and intentional infliction of emotional distress as to Defendants Richter and Graft.

IT IS FURTHER ORDERED that Plaintiff is granted leave to file one final second amended complaint, incorporating all claims and parties that have not been dismissed with prejudice, and correcting all deficiencies identified in the Opinion accompanying this Order; any such amended complaint shall be filed not later than November 7, 2018.

IT IS FURTHER ORDERED that, pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, if the Plaintiff wishes to appeal from this Order he or she must do so within

thirty (30) days by filing a notice of appeal as provided in Rule 3, Fed. R. App. P., with the Clerk

of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219.


/s/ Maureen P. Kelly
MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE


cc:    All counsel of record by Notice of Electronic Filing