**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

JAMES HUBERT,              )
                                   )
        Plaintiff,          )         Civil Action No. 18-354
                                   )         Magistrate Judge Maureen P. Kelly
        v.               )
                                   )         Re: ECF No. 22
JOHN WETZEL, JAY LANE, CAPT. TIFT,  )
SGT. RICHTER, and GRAFT,       )
                                   )
        Defendants.       )

## OPINION AND ORDER

**KELLY, Magistrate Judge**

Plaintiff James Hubert ("Plaintiff") is an inmate currently confined at the State Correctional Institution at Coal Township, Pennsylvania ("SCI-Coal Township"). This civil rights action arises out of allegations that Defendants Thomas Richter ("Richter") and Keith Graft ("Graft") (collectively, "Defendants") communicated the details of Plaintiff's criminal history to other inmates, placing him at risk of harm. Plaintiff further alleges that Defendants retaliated against him when he sought redress for this conduct.

Presently before the Court is Plaintiff's Motion for Summary Judgment. ECF No. 22. For the reasons that follow, Plaintiff's Motion for Summary Judgment is denied.[1]

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff commenced this action in the Court of Common Pleas of Fayette County, Pennsylvania. Upon the filing of a "First Amended Civil Complaint" (the "Amended Complaint"), and pursuant to 28 U.S.C § 1441 *et seq.*, Defendants removed the action to this

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties voluntarily consented to having a United States Magistrate Judge conduct proceedings in this case, including the entry of a final judgment. ECF Nos. 8, 10.

Court, asserting original jurisdiction in federal court over Plaintiff's federal claims. ECF No. 1.

In his Amended Complaint, Plaintiff asserts claims pursuant to 42 U.S.C. § 1983 for the alleged

violation of his rights arising under the First, Eighth, and Fourteenth Amendments to the United

States Constitution, the Pennsylvania Constitution, the Pennsylvania Civil Service Act, and

various provisions of Pennsylvania Department of Corrections ("DOC') Code of Ethics arising

out of the circumstances and conditions of his confinement at the State Correctional Institution at

Fayette ("SCI-Fayette") during the period January 21, 2016 through November 20, 2016.

Plaintiff's claims arise out of his status as a convicted sex-offender. Plaintiff alleges that

Defendants Richter and Graft, prison officials at SCI-Fayette, communicated Plaintiff's criminal

background to inmates in Plaintiff's general population and restricted housing units, placing him

at serious risk of violence and injury, and defaming him. ECF No. 1-1 ¶¶ 17-19. Plaintiff

further alleges that Defendants retaliated against him after he submitted grievances and

complaints as to Defendants' conduct, violating his First Amendment rights. Id. ¶¶ 22, 27-31.

On April 11, 2018, Defendants filed a partial Motion to Dismiss Plaintiff's Amended

Complaint. ECF No. 5. The Court granted in part and denied in part Defendants' Motion to

Dismiss on October 4, 2018. ECF No. 11. As a result of this disposition, the Court dismissed all

Defendants other than Richter and Graft, and the following claims remain in this action:

1. Plaintiff's Eighth Amendment conditions of confinement/failure to protect claims against Defendants Richter and Graft;

2. Plaintiff's First Amendment retaliation claims against Defendants Richter and Graft;

3. Plaintiff's claims for nominal and punitive damages as to his remaining federal claims; and

2

4. Plaintiff's state law claims for recklessness, negligence, and intentional infliction of emotional distress as to Defendants Richter and Graft.

Id.[2]

The parties conducted discovery as to the remaining claims, and the discovery period closed on February 5, 2019. ECF No. 18. The Court entered a Case Management Order requiring that Defendants file a pretrial statement or motion for summary judgment by April 5, 2019. Id. The only remaining Defendants, Richter and Graft, elected not to file a motion for summary judgment. See ECF No. 28 at 3 n. 1.

On March 1, 2019, Plaintiff filed the instant Motion for Summary Judgment. ECF No. 22. Although Plaintiff has styled his Motion as a "Motion for Summary Judgment," the specific relief he seeks is unclear. In the opening paragraph, Plaintiff explains that he is responding to Defendant's summary judgment motion and requests that the Court not dismiss this action—but Defendants did not move for summary judgment in this matter. Id. ¶ 22. Then, in closing, Plaintiff asks the Court to grant his "Motion for Summary Judgment on the Pleadings," appearing to conflate motions filed under Federal Rules of Civil Procedure 12(c) and 56. Id. at 5. Plaintiff's five-page motion does not include a separate supporting brief or a concise statement of material facts.

In his Motion for Summary Judgment, Plaintiff argues that Defendants violated his Eighth Amendment rights by communicating his status as a sex offender to other inmates and, as a result, he was threatened with bodily harm. Id. at ¶ 2. He also broadly alleges that Defendants engaged in "retaliatory conduct," and suggests that he has exhausted his administrative remedies in connection with his claims. Id. at ¶¶ 5, 7, and 10. In support of his Motion, Plaintiff attaches

---

[2] The Court dismissed all claims against Defendants John Wetzel, Jay Lane and Captain Tift. The Court also dismissed Plaintiff's official capacity claims; compensatory damages claims, except with respect to Plaintiff's state law claims for recklessness, negligence, or intentional infliction of emotional distress; Fourteenth Amendment due process claims; and Plaintiff's claims under the Pennsylvania Constitution, the Pennsylvania Civil Service Act, and the DOC Code of Ethics. ECF No. 11 at 22.

3

declarations from inmates Vincent Leach, Daeshawn Brook, and Jarrod Goneen, in addition to correspondence to Plaintiff from the DOC regarding grievances at issue and the DOC Code of Ethics. ECF Nos. 22-1, 22-2, 22-3, 22-4, and 22-5.

Defendants filed a brief in opposition to Plaintiff's Motion for Summary Judgment on May 6, 2019 (the "Response"). ECF No. 28. In their Response, Defendants urge the Court to deny Plaintiff's Motion for Summary Judgment because it does not comply with the Court's requirements for summary judgment motions under Local Rule 56. Id. ¶¶ 12-14. Additionally, Defendants attach and rely on declarations from Defendants Graft[3] and Richter disputing that they had any knowledge of Plaintiff's status as a convicted sex-offender prior to the filing of this Complaint, let alone that they communicated this knowledge to others. ECF No. 28-1. Defendants further dispute that they were aware of any grievances or complaints Plaintiff filed, and they deny that they retaliated against him as a result of any such complaints. Id. Thus, Defendants argue, there are genuine issues of material fact precluding summary judgment in this matter. ECF No. 28 ¶¶ 16-17.

Plaintiff's Motion for Summary Judgment is now ripe for review and, for the reasons set forth below, is denied.

## II.  LEGAL STANDARD

Rule 56 of the Federal Rules of Civil Procedure provides that: "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue of material fact is in genuine dispute if the evidence is such that a reasonable jury could return a

---

[3] Defendants submitted an unsigned declaration on behalf of Graft, indicating that they would supplement the Response with a signed declaration. ECF No. 28 at 3 n.2; ECF No. 28-1. Three months have now passed, and Defendants have not supplemented the record with Graft's signed declaration. As such, the Court will not consider the unsigned declaration in ruling on this motion.

4

verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see also Doe v. Abington Friends Sch., 480 F.3d 252, 256 (3d Cir. 2007) ("A genuine issue is present when a reasonable trier of fact, viewing all of the record evidence, could rationally find in favor of the non-moving party in light of his burden of proof"). Thus, summary judgment is warranted where, "after adequate time for discovery and upon motion . . . a party . . . fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Marten v. Godwin, 499 F.3d 290, 295 (3d Cir. 2007) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986)).

The moving party bears the initial burden of demonstrating to the court that there is an absence of evidence to support the non-moving party's case. Celotex, 477 U.S. at 322; see also Conoshenti v. Pub. Serv. Elec. & Gas Co., 364 F.3d 135, 140 (3d Cir. 2004). "[W]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986)) (internal quotations omitted).

In deciding a summary judgment motion, a court must view the facts in the light most favorable to the nonmoving party and must draw all reasonable inferences, and resolve all doubts in favor of the nonmoving party. Matreale v. N.J. Dep't of Military & Veterans Affairs, 487 F.3d 150, 152 (3d Cir. 2007); Woodside v. Sch. Dist. of Phila. Bd. of Educ., 248 F.3d 129, 130 (3d Cir. 2001).

## III.    DISCUSSION

Plaintiff's Motion for Summary Judgment is denied because Plaintiff has not submitted the required materials for the Court to properly consider his Motion, and because Plaintiff fails to demonstrate that there are no genuine issues of material fact entitling him to judgment as a matter of law under Fed. R. Civ. P. 56.

Specifically, under Local Rule 56, a party moving for summary judgment must file a motion, memorandum in support, and a concise statement of material facts setting forth the undisputed and material facts that are essential for the Court to decide the motion. LCvR 56B. The concise statement of material facts must be accompanied by specific citations to pleadings, depositions, answers to interrogatories, or other parts of the record that support the party's statement, along with an appendix of any documents cited therein. Id. Here, Plaintiff's five-page motion does not comply with these requirements and requests inconsistent and unclear relief. See ECF No. 22 ¶ 1 (requesting that the Court deny Defendants' non-existent summary judgment motion); and ECF No. 22 at 7 (requesting "summary judgment on the pleadings"). Accordingly, Plaintiff's Motion does not create a viable summary judgment record on which this Court can make an appropriate analysis under Fed. R. Civ. P. 56.

Based on the materials that have been provided, however, there is no basis for granting summary judgment. Defendants have submitted materials specifically disputing the facts Plaintiff asserts in support of his claims. ECF No. 28-1. Thus, Plaintiff has not demonstrated that there is no genuine issue of material fact such that judgment should be granted in his favor. Summary judgment is therefore denied.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Summary Judgment is denied.

## ORDER

AND NOW, this 5th day of August, 2019, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment, ECF No. 22, is DENIED. This case will now be scheduled for trial.

IT IS FURTHER ORDERED that, pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, if the Plaintiff wishes to appeal from this Order he or she must do so within thirty (30) days by filing a notice of appeal as provided in Rule 3, Fed. R. App. P., with the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219.

BY THE COURT:

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc:    James Hubert
LA9921
SCI Coal Township
1 Kelly Drive
Coal Township, PA 17866-1020

All counsel of record via CM-ECF